UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| RON JONES, | \* | CIV. 13-5008 |
| Movant, | \* | |
| vs. | \* | ORDER RE: |
| | \* | MOTION TO QUASH (Doc. 4) |
| UNITED STATES OF AMERICA, | \* | AND FOR SERVICE |
| Respondent. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The Movant, Ron Jones, ("Jones") is a federal prisoner incarcerated at the Florence Federal Prison Camp in Florence, Colorado. He has filed a *pro se* Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1), along with a Memorandum in Support (Doc. 2) and a Supplement (Doc. 3). Although service of the Motion has not yet been ordered upon the Government, the Government moved to Quash (Doc. 4). Jones has filed a Reply (Doc. 6) to the Government's Motion to Quash.

## BACKGROUND

In February, 2010, a grand jury indicted Jones along with two co-defendants in the District of South Dakota, Western Division on multiple counts including Conspiracy, Wire Fraud, Mail Fraud, Money Laundering, Tax Evasion and Aiding and Abetting. *See United States v. Ron Jones a/k/a Ronald Joseph Jones, Arland Clark, and Mary Clark,* CR 10-50015, United States District Court, District of South Dakota, Western Div.[1] At the heart of the Indictment was Jones's purported business, Plato Systems, GMBH, Inc. which Jones claimed was a computer software venture. The grand jury issued a superseding indictment on October 19, 2010, in which Jones and his two co-

---

[1] References to docket numbers in the criminal case will be by "CR Doc." followed by the docket number.

defendants were charged with multiple counts of Conspiracy, Wire Fraud, Money Laundering, False Statements, Tax Evasion, and Aiding and Abetting.[2]  On October 3, 2011, Jones filed a plea agreement and a factual basis statement in which he agreed to plead guilty to three Counts of the Superseding Indictment:  Counts 1 (Conspiracy in violation of 18 U.S.C. § 371), Count 12 (Wire Fraud and Aiding and Abetting in violation of 18 U.S.C. §1343 and 2) and Count 71 (Money Laundering in violation of 18 U.S.C. § 1957(a)). CR Doc. 295, 296. In return, the Government agreed to dismiss the remaining Counts in the Superseding Indictment. *Id.* A change of plea hearing was held before Judge Viken on October 3, 2011. CR Doc. 336. Judge Viken thoroughly questioned Jones before accepting Jones's guilty plea.   Among other things, Jones acknowledged that:

1. He was under oath and could be charged with perjury if he provided false information during the plea hearing; *id* p. 3

2. He was fully satisfied with the legal advice and representation he'd received from his lawyer; *id.* p.4

3. Nobody threatened or pressured him to sign the plea agreement; *id.* p. 13

4. He signed the plea agreement as his own free and voluntary act and that it was acceptable to him; *id.* p. 14

5. He fully understood the elements to all the charges to which he agreeing to plead guilty; *id.* p. 24.

6. Every detail in the factual basis statement (CR Doc. 276) signed by him was accurate; *id.* p. 25-26.

7. He was pleading guilty of his own free will and because he was in fact guilty; *id.* p. 26.

At the conclusion of the very thorough plea colloquy, Judge Viken accepted Jones's guilty plea. CR Doc. 336 at 29. Jones's sentencing hearing was scheduled for January 30, 2012. CR Doc. 299. On January 25, 2012, however, Jones moved to withdraw his guilty plea. CR Doc. 333. A

---

[2]Jones was charged in Counts 1-49, and 60-84 of the Superseding Indictment. CR Doc. 103.

hearing was held before Judge Viken on January 27, 2012. During the hearing, Jones changed his mind and orally withdrew the Motion to Withdraw Guilty Plea. *See* Judge Viken's Order dated January 31, 2012, CR Doc. 349. Judge Viken's Order explains that during the hearing on Jones's Motion to Withdraw Guilty Plea, Judge Viken

> engaged Mr. Jones in a comprehensive dialogue about his decision to withdraw the motion to withdraw his guilty pleas. Mr. Jones assured the court the guilty pleas were knowing and voluntary pleas supported by an independent basis in fact as to each of the essential elements of each offense. Mr. Jones acknowledged he is, in fact, guilty of all three counts of conviction. Mr. Jones acknowledged the filing of the motion to withdraw his guilty pleas was done in haste, without a basis in fact and he did not have a valid claim of actual innocence to the three counts of conviction asserted in his affidavit. (Docket 333-1). Mr. Jones' attorney, Ellery Grey, supported the oral motion to withdraw guilty pleas and defendant's decision to proceed to sentencing.

*See* CR Doc. 349. Jones's sentencing hearing was held on January 30, 2012 and his Judgment of Conviction was entered on January 31, 2012. CR Doc. 350. Jones was sentenced to 96 months imprisonment. Jones did not file a direct appeal.

Jones filed this Motion to Vacate, Set Aside or Correct Sentence on January 31, 2013. He again asserts actual innocence. Jones asserts his counsel was ineffective, that the prosecutor engaged in misconduct, and that his sentence is excessive. In addition to the Motion which Jones filed on the form provided to prisoners for the specific purpose of stating § 2255 claims, Jones has filed a supporting Memorandum which is 104 pages long, and a Supplement containing fifty six exhibits (415 pages).

## JURISDICTION

This matter is pending before the District Court pursuant to 28 U.S.C. § 2255. It was assigned to The Honorable Jeffrey Viken and referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Judge Schreier's Standing Order dated March 28, 2010.

## DISCUSSION

The Government moves to Quash Jones's Motion to Vacate, Set Aside or Correct Sentence "on the grounds the petition far exceeds the allowable page limit." The Government refers to Local Rule 7.1(B)(1). In his Response (Doc. 6) Jones asserts Local Rule 7.1(B)(1) does not apply but Local Rule 83.10 applies instead.

Local Rule 7.1(B)(1) provides:

**LR 7.1 Motions**
**B. Required Written Brief.** With every motion raising a question of law, except oral motions made during a hearing or trial or motions to amend a scheduling order or motions to withdraw pursuant to D.S.D. LR 57.4, unless otherwise ordered, the movant shall serve on opposing counsel and file with the clerk of court a brief containing the specific points of law with the authorities in support thereof on which the movant relies, including the Federal Rule of Civil Procedure on the basis of which the motion is made. On or before 21 calendar days after service of a motion and brief, unless otherwise specifically ordered by the court, all opposing parties shall serve and file with the clerk of court a responsive brief containing the specific points of law with authorities in support thereof in opposition to the motion. The movant may file with the clerk of court a reply brief within 14 days after service of the responsive brief.

> **1. Page Limitation on Briefs.**
> Briefs and any attachments other than documentary evidence attached in accordance with D.S.D. LR 56.1(A) shall not exceed 25 pages or 12,000 words unless prior approval has been obtained from the court. If a brief exceeds 25 pages, it shall be accompanied by a certificate by the attorney, or an unrepresented party, that the brief complies wit the type volume limitation. The person preparing the certificate may rely on the word count of the word-processing system used to prepare the brief.

> **2. Attachments.** A party must submit as exhibits or attachments only those excerpts of the referenced document that are directly germane to the matter under consideration by the court. Excerpted material must be clearly and prominently identified as such. Highlighting or underlining relevant portions is encouraged. Parties who file excerpts of documents as exhibits or attachments under this rule do so without prejudice to their right to timely file additional excerpts. Responding parties may file additional excerpts that they believe are directly germane. The court may require parties to file additional excerpts or the complete document.

Local Rule 83.10 provides in relevant part:

**LR 83.10 Writs of Habeas Corpus and Motions Pursuant to 28 U.S.C. § 2255**

**A. Filing Requirements.** Petitions for writs of habeas corpus pursuant to 28 U.S.C. § 2254 and 28 U.S.C. § 2241, motions to vacate sentence pursuant to 28 U.S.C. §2255, and applications to proceed in forma pauperis shall be signed and legibly written or typewritten on forms prescribed by the court in accordance with the instructions provided with the forms unless the court finds, in its discretion, that the petition, motion, or application is understandable and that it conforms with federal and local requirements for such actions. Copies of the relevant forms and instructions shall be provided by the clerk of court upon request. The court may strike or dismiss petitions, motions, or applications that do not conform substantively or procedurally with federal and local requirements for such actions.

Jones filed his Motion to Vacate on the form provided, as required by LR 83.10. His supporting Memorandum, however, far exceeds the page limit which is imposed on every brief filed in support of a motion pursuant to LR 7.1(B)(1). That his Memorandum (Doc. 2) exceeds the allowed page limit, however, does not necessitate the quashing of Jones's Motion (Doc. 1).

**THEREFORE;** it is ORDERED:

(1) The Government's Motion to Quash is DENIED; however

(2) Jones's over length brief (Doc. 2) will not be considered by the Court. Jones shall re-submit a Memorandum which complies with L.R. 7.1(B)(1) on or before Tuesday, March 5, 2013.

(3) Upon receipt of Jones's Memorandum as described in Paragraph (2) above, the Clerk of Court will deliver or serve a copy of the motion and memorandum on the United States Attorney for the District of South Dakota.

(4) The United States Attorney for the District of South Dakota will serve and file an answer or responsive pleading to the motion 45 days thereafter.

Dated this 12 day of February, 2013.

BY THE COURT:

_____
John E. Simko
United States Magistrate Judge