UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| RON JONES, | \* | CIV. 13-5008 |
| Movant, | \* | |
| vs. | \* | ORDER |
| | \* | Motion for AUSA to show Authority (Doc. 10) |
| UNITED STATES OF AMERICA, | \* | Motion for Reconsideration (Doc. 17) |
| | \* | Motion for Extension of Time (Doc. 22) |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

The Movant, Ron Jones, ("Jones") is a federal prisoner incarcerated at the Florence Federal Prison Camp in Florence, Colorado. He has filed a *pro se* Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1), a Memorandum in Support (Doc. 2)[1] a Supplement (Doc. 3) consisting of sixty-two exhibits; a Resubmitted Memorandum (Doc. 11); and a Statement of Brent Liedtke (Doc. 13). Currently pending are Movant's Motion for AUSA Peterman to Show Authority to Proceed (Doc. 10); Movant's Motion for Reconsideration of the Court's April 2, 2013 Order (Doc. 17) and the Government's Motion for Extension of Time to Respond (Doc. 22).

## BACKGROUND

In February, 2010, a grand jury indicted Jones along with two co-defendants in the District of South Dakota, Western Division on multiple counts including Conspiracy, Wire Fraud, Mail Fraud, Money Laundering, Tax Evasion and Aiding and Abetting. *See United States v. Ron Jones a/k/a Ronald Joseph Jones, Arland Clark, and Mary Clark,* CR 10-50015, United States District

---

[1] This Memorandum is 104 pages long. Jones did not seek permission to file an overlength brief. It was stricken for non-compliance with the Local Rules pursuant to the Court's Order dated February 12, 2013 (Doc. 8).

Court, District of South Dakota, Western Div.[2] At the heart of the Indictment was Jones's purported business, Plato Systems, GMBH, Inc. which Jones claimed was a computer software venture. The grand jury issued a superseding indictment on October 19, 2010, in which Jones and his two co-defendants were charged with multiple counts of Conspiracy, Wire Fraud, Money Laundering, False Statements, Tax Evasion, and Aiding and Abetting.[3] On October 3, 2011, Jones filed a plea agreement and a factual basis statement in which he agreed to plead guilty to three Counts of the Superseding Indictment: Count 1 (Conspiracy in violation of 18 U.S.C. § 371), Count 12 (Wire Fraud and Aiding and Abetting in violation of 18 U.S.C. §1343 and 2) and Count 71 (Money Laundering in violation of 18 U.S.C. § 1957(a)). CR Doc. 295, 296. In return, the Government agreed to dismiss the remaining Counts in the Superseding Indictment. *Id.* A change of plea hearing was held before Judge Viken on October 3, 2011. CR Doc. 336. Judge Viken thoroughly questioned Jones before accepting Jones's guilty plea. Among other things, Jones acknowledged that:

1. He was under oath and could be charged with perjury if he provided false information during the plea hearing; *id* p. 3

2. He was fully satisfied with the legal advice and representation he'd received from his lawyer; *id.* p.4

3. Nobody threatened or pressured him to sign the plea agreement; *id.* p. 13

4. He signed the plea agreement as his own free and voluntary act and that it was acceptable to him; *id.* p. 14

5. He fully understood the elements to all the charges to which he agreeing to plead guilty; *id.* p. 24.

6. Every detail in the factual basis statement (CR Doc. 276) signed by him was accurate; *id.* p. 25-26.

---

[2]References to docket numbers in the criminal case will be by "CR Doc." followed by the docket number.

[3]Jones was charged in Counts 1-49, and 60-84 of the Superseding Indictment. CR Doc. 103.

2

7. He was pleading guilty of his own free will and because he was in fact guilty; *id.* p. 26.

At the conclusion of the very thorough plea colloquy, Judge Viken accepted Jones's guilty plea. CR Doc. 336 at 29. Jones's sentencing hearing was scheduled for January 30, 2012. CR Doc. 299. On January 25, 2012, however, Jones moved to withdraw his guilty plea. CR Doc. 333. A hearing was held before Judge Viken on January 27, 2012. During the hearing, Jones changed his mind and orally withdrew the Motion to Withdraw Guilty Plea. *See* Judge Viken's Order dated January 31, 2012, CR Doc. 349. Judge Viken's Order explains that during the hearing on Jones's Motion to Withdraw Guilty Plea, Judge Viken

> engaged Mr. Jones in a comprehensive dialogue about his decision to withdraw the motion to withdraw his guilty pleas. Mr. Jones assured the court the guilty pleas were knowing and voluntary pleas supported by an independent basis in fact as to each of the essential elements of each offense. Mr. Jones acknowledged he is, in fact, guilty of all three counts of conviction. Mr. Jones acknowledged the filing of the motion to withdraw his guilty pleas was done in haste, without a basis in fact and he did not have a valid claim of actual innocence to the three counts of conviction asserted in his affidavit. (Docket 333-1). Mr. Jones' attorney, Ellery Grey, supported the oral motion to withdraw guilty pleas and defendant's decision to proceed to sentencing.

*See* CR Doc. 349. Jones's sentencing hearing was held on January 30, 2012 and his Judgment of Conviction was entered on January 31, 2012. CR Doc. 350. Jones was sentenced to 96 months imprisonment. Jones did not file a direct appeal.

Jones filed this Motion to Vacate, Set Aside or Correct Sentence on January 31, 2013. He again asserts actual innocence. Jones asserts his counsel was ineffective, that the prosecutor engaged in misconduct, and that his sentence is excessive. Jones now seeks an Order requiring AUSA Peterman to show cause why he should not be "removed as counsel for the United States in these proceedings." Jones further requests the Court to reconsider its April 2, 2013 Order, requiring Jones to file an Attorney-Client Waiver form. Finally, the Government requests an extension of time to respond to Jones's Motion to Vacate. These requests are addressed in turn below.

## JURISDICTION

This matter is pending before the District Court pursuant to 28 U.S.C. § 2255. It was assigned to The Honorable Jeffrey Viken and referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Judge Schreier's Standing Order dated March 28, 2010.

## DISCUSSION

### 1. Motion For Order for AUSA Peterman to Show Cause Why he Should Not Be Removed from the Case. (Doc. 10)

Among the claims Jones makes in his Motion to Vacate are allegations that AUSA Peterman engaged in prosecutorial misconduct in the underlying criminal trial. Jones alleges, among other things, that AUSA Peterman "enlist[ed] defense counsel in an effort to guarantee Jones' right to trial by jury would be emasculated to Jones' prejudice." Doc. 1, p.5. Jones also alleges "the ineffectiveness of defense counsel was accompanied by the prosecution and defense counsel acting in concert to do whatever needed to be done to guarantee that Jones would be coerced to plead guilty, all to guarantee that no trial would ever occur." Doc. 1, p. 6. In the body of his motion, Jones explains that AUSA Peterman "cannot represent the United States as counsel in this case [because] Mr. Peterman will be a witness in this case, and Jones will require Mr. Peterman to be placed under oath . . . to testify as to his explanations for the conduct alleged in the . . . motion." Doc. 10, ¶ 1. Jones explains that if Peterman refuses to answer the Motion under oath, then Jones will propound interrogatories to Peterman which must be answered under oath. Finally, Jones asserts that if an evidentiary hearing is held, Peterman will be called by Jones as a witness.

Several rules pertaining to § 2255 motions apply:

**Rule 6. Discovery**
**(a) Leave of Court Required.** A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law. If necessary for effective discovery, the judge must appoint an attorney for a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A.
**(b) Requesting Discovery.** A party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents.
**(c) Deposition Expenses.** If the government is granted leave to take deposition, the

4

judge may require the government to pay the travel expenses, subsistence expenses, and fees of the moving part's attorney to attend the deposition.

"A petitioner seeking habeas relief is not entitled to discovery as a matter of ordinary course. *United States v. Taylor*, 2012 WL 1833904 (W.D. La.) at *1 *citing Bracy v. Gramley*, 520 U.S. 899, 904, 117 S.Ct. 1793, 138 L.Ed.2d 97 (1997). It is within the district court's discretion to grant discovery upon a fact specific showing of good cause. *Taylor*, 2012 WL 1833904 at *1. Conclusory allegations are not enough to warrant discovery; the petitioner must set for specific allegations of fact. *Id.* "However, Rule 6 does not authorize fishing expeditions. Succinctly stated, habeas corpus is not a form of relief for those who seek to explore their case in search of its existence." *Id.*

**Rule 7. Expanding the Record**
**(a) In General.** If the motion is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the motion. The judge may require that these materials be authenticated.
**(b) Types of Materials.** The materials that may be required include letters predating the filing of the motion, documents, exhibits, and answers under oath to written interrogatories propounded by the judge. Affidavits may also be submitted and considered as part of the record.
**(c) Review by the Opposing Party.** The judge must give the party against whom the additional materials are offered an opportunity to admit or deny their correctness.

**Rule 8. Evidentiary Hearing**
**(a) Determining Whether to Hold a Hearing.** If the motion is not dismissed, the judge must review the answer, any transcripts, and records of prior proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted.
**(b) Reference to a Magistrate Judge.** A judge may, under 28 U.S.C. § 636(b), refer the motion to a magistrate judge to conduct hearings and to file proposed findings of fact and recommendations for disposition. When they are filed, the clerk must promptly serve copies of the proposed findings and recommendations on all parties. Within 14 days after being served, a party may file objections as provided by local court rule. The judge must determine de novo any proposed finding or recommendation to which objection is made. The judge may accept, reject, or modify any proposed finding or recommendation.
**(c) Appointing Counsel; Time of Hearing.** If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A. The judge must conduct the hearing as soon as practicable after giving the attorneys adequate time to investigate and prepare. These rules do not limit the appointment of counsel under § 3006A at any

stage of the proceeding.
**(d) Producing a Statement.** Federal Rule of Criminal Procedure 26.2(a)-(d) and (f) applies at a hearing under this rule. If a party does not comply with a Rule 26.2(a) order to produce a witness's statement, the court must not consider that witness's testimony.

"Bare, conclusory allegations unsupported by other indicia of reliability in the record, do not compel a federal district court to hold an evidentiary hearing." *Estrada v. United States*, 2007 WL 1461701 (N.D. Tex.) at *8 (citations omitted). The court reviews the files and records of the case to determine the necessity of a hearing. *Id.* If the movant "produces independent indicia of the likely merit of [his] allegations, typically in the form of one or more affidavits from reliable third parties" a hearing is warranted. *Id.* The Eighth Circuit has held, however, that a court is "not required to conduct an evidentiary hearing on allegations which amounted to no more than a bare contradiction of statements petitioner made when [he] pled guilty." *United States v. Unger*, 635 F.2d 688, 692 (8th Cir. 1980). If the allegations go beyond matters covered in the plea hearing or "are supported by credible affidavits that raised substantial inference that an unkept plea bargain was in fact made, section 2255 would ordinarily require a hearing." *Id.*

Finally, "the disqualification of Government counsel is a drastic measure." *United States v. Bolden*, 353 F.3d 870, 875 (10th Cir. 2003). Disqualification is imposed only when necessary and in limited circumstances. *Id.* at 878. Before disqualifying a government attorney, the district court must make specific factual findings and legal conclusions. *Id.* at 880.

In light of the above-cited authority, the Court finds Jones's motion premature. The Government has not yet filed its Response to Jones's Petition. The relevant transcripts are not yet available. In the absence of these materials, the Court is unable to make the findings and conclusions required pursuant to *Bolden*, or to determine whether discovery or an evidentiary hearing will be warranted pursuant to Rules 6 or 8, cited above. For these reasons, Jones's Motion For Order for AUSA Peterman to Show Cause Why he Should Not Be Removed from the Case. (Doc. 10) is DENIED without prejudice.

## 2. Motion for Reconsideration, Doc. 17

Next, Jones moves the Court for reconsideration of its Order dated April 2, 2013 (Doc. 14). The Court's April 2 Order directed Jones to sign an attorney-client privilege waiver to facilitate Jones's trial attorney's ability to complete an affidavit regarding Jones's ineffective assistance claims in this proceeding. Jones cites two reasons for his motion: (1) he already waived the attorney-client privilege; and (2) he desires the Court to order an affidavit by not only his trial counsel, but also by AUSA Peterman, to answer Jones's claims of prosecutorial misconduct. For the reasons explained in Section 1 above, the Court will not enter an order requiring AUSA Peterman to file an Affidavit. Because Jones filed the attorney-client waiver form which was the subject of the Court's April 2, 2013 Order (*See* Doc. 18), Jones's Motion for Reconsideration is DENIED as moot.

## 3. Motion for Extension of Time (Doc. 22)

Finally, the Government moves for an extension of time to respond to the Petition. (Doc. 22). The Government explains the transcript of the January 30, 2012 sentencing hearing is lengthy because of Jones's motion to withdraw his guilty plea, followed by his withdrawal of the motion. The Government requests an extension of time of an additional 30 days from June 25, 2013. For good cause shown, the Motion is GRANTED. The Government's Response to the Petition shall be filed on or before July 29, 2013. It is further ORDERED that the Government shall file a copy of the transcript of the January 30, 2012 sentencing hearing from CR 10-50015 and shall provide a copy to Mr. Jones.

## CONCLUSION and ORDER

For the reasons more fully explained above, it is ORDERED:

(1) The Motion For Order for AUSA Peterman to Show Cause Why he Should Not Be Removed from the Case. (Doc. 10) is DENIED;

(2) The Motion for Reconsideration, (Doc. 17) is DENIED as moot;

(3) The Motion for Extension of Time (Doc. 22) GRANTED.

(4) The Government shall file a copy of the transcript of the January 30, 2012 sentencing hearing in CR 10-50015 and shall provide a copy to Mr. Jones.

Dated this 14 day of June, 2013.

BY THE COURT:

_____
John E. Simko
United States Magistrate Judge